UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:20-CR-179-SDJ |
| | § | |
| ROQUE RUBEN CELESTINO (35) | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Government's motion to revoke a magistrate judge's order releasing Defendant Roque Ruben Celestino pending trial. *See* (Dkt. #494). The Court held a hearing on April 20, 2022. (Dkt. #705). Having considered the record, the arguments made at the hearing, and the applicable law, the Court **REVOKES** the magistrate judge's order of release and **ORDERS** that Celestino remain detained pending trial.

### I. BACKGROUND

A grand jury indicted Celestino, along with thirty-eight other codefendants, on one count of conspiracy to possess with the intent to distribute and distribution of methamphetamine, cocaine, heroin, and marijuana in violation of 21 U.S.C. §§ 841, 846. (Dkt. #379). This charge stems from Celestino's alleged role in an international drug-distribution network.

Following his arrest in the Southern District of Texas, Celestino appeared before a magistrate judge for a pretrial detention hearing. The magistrate judge ultimately ordered Celestino released on a $100,000 secured bond and subject to several conditions of release, including GPS monitoring, a curfew, and avoiding all contact with codefendants.

The Government then filed with this Court an emergency motion for stay of the magistrate judge's order of release. (Dkt. #494). The Court granted the Government's stay motion and held a hearing on the matter of pretrial detention. At the hearing, the Government presented the testimony of Drug Enforcement Administration ("DEA") Special Agent Gabriel Aranda on matters involving the charge against Celestino, his potential flight risk, and his potential danger to the community if released. Celestino's attorney cross-examined Agent Aranda, called Celestino's sister to testify, and provided the proffer of Celestino's wife.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3145(a)(1), when a defendant is ordered released by a magistrate judge, the Government may file with the district court a motion for revocation of the release order. The district court reviews the magistrate judge's order de novo and "must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992). Accordingly, the Court has discretion to "support what the magistrate has actually ordered with additional findings based on its independent consideration of the record before the magistrate and the additional evidence adduced before it." *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985).

The Bail Reform Act, 18 U.S.C. § 3142, governs the release and detention of defendants awaiting trial. A judicial officer may order a defendant detained pending trial upon satisfying two prerequisites. First, the officer must hold a hearing pursuant to a circumstance listed in 18 U.S.C. § 3142(f). *See United States v. Byrd*, 969 F.2d 106, 109–10 (5th Cir. 1992). Second, after a hearing, the officer must

determine whether the United States has shown by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person," or by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e)(1), (f)(2); *see also Rueben*, 974 F.2d at 586 ("For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required.").

Section 3142(g) provides that a court shall consider the following factors in determining whether a person poses a flight risk or a danger to the community: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics, including, among other things, his family ties, length of residence in the community, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3141(g); *see also United States v. Acosta-Leyva*, 751 F.App'x 594, 595 (5th Cir. 2019) (per curiam).

In some cases, a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). The rebuttable presumption arises upon a finding of probable cause to believe that the defendant

committed an offense subject to a maximum term of imprisonment of ten years or more under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* 18 U.S.C. § 3142(e)(3)(A); *see also Rueben*, 974 F.2d at 586. Probable cause exists when offenses under the Controlled Substances Act are charged in an indictment. *United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987).

Section 3142(e)'s rebuttable presumption "shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion," which remains with the Government. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). If the defendant presents "evidence tending to rebut the presumption," the presumption "nevertheless remains in the case and is a factor to be considered." *Fortna*, 769 F.2d at 251; *see also Hare*, 873 F.2d at 798–99 ("[T]he court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society."). If the defendant does not present evidence sufficient to rebut the presumption, the Court must still review the Section 3142(g) factors. *See United States v. Jackson*, 845 F.2d 1262, 1265 (5th Cir. 1988) (noting that the language of Section 3142(g) "*mandates* district court review of certain factors" (emphasis added)). As the Fifth Circuit has explained, the statute thus creates "an unusual set of weights and measures in which the burden of persuasion is on the government, not the defendant, but the presumption may be weighed in the evidentiary balance." *Hare*, 873 F.2d at 799.

Upon satisfying the two prerequisites, a judicial officer may order a criminal defendant detained pending trial. *See United States v. Okhumale*, 813 F.App'x 936,

939 (5th Cir. 2020) (per curiam) (reaffirming that pretrial detention requires "the presence of one of the circumstances outlined in § 3142(f) *and* a determination under § 3142(e) that . . . no conditions imposed could either assure the appearance of the defendant or the safety of the defendant and community" (citing *Byrd*, 969 F.2d at 109–10)).

## III. DISCUSSION

The Court, having held a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f)(1), finds that the Government met its burden to establish by a preponderance of the evidence that no combination of release conditions could reasonably assure the appearance of Celestino.

## A. The Court Held a Detention Hearing Pursuant to Section 3142(f)(1).

Section 3142(f) provides seven circumstances in which a judicial officer must hold a hearing to determine whether any combination of conditions will reasonably assure the defendant's appearance and the public safety. Celestino is charged with a crime that has a maximum term of imprisonment of ten years or more prescribed in the Controlled Substances Act, which necessitated the detention hearing under Section 3142(f)(1)(c). *See* (Dkt. #379) (charging that Celestino's drug-trafficking crime involved "500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual), five kilograms or more of a mixture or substance containing a detectable amount of cocaine, 1 kilogram or more of heroin, and 1000 kilograms or more of marijuana"); *see*

*also* 21 U.S.C. §§ 841(b)(1)(A), 846. Thus, at least one Section 3142(f) circumstance is present here.[1]

## B. No Combination of Conditions Will Reasonably Assure Celestino's Appearance.

In its appeal of the magistrate judge's order of release, the Government asserts that Celestino has not rebutted the presumption that he is a flight risk and a danger to the community and that, even if he did rebut the presumption, the Section 3142(g) factors still weigh in favor of detention. To decide the motion, the Court must first determine whether Celestino is presumed to be a flight risk and a danger to the public and, if so, whether he has presented evidence sufficient to rebut those presumptions.

### i. Section 3142(e)'s rebuttable presumption applies and has been rebutted by Celestino.

The rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community applies in this case. Celestino has been indicted for alleged violations of 21 U.S.C. § 846. Under the Controlled Substances Act, Celestino faces imprisonment of not less than ten years and not more than life imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(A), 846.

The indictment provides probable cause to believe that Celestino committed the charged offense. *See Trosper*, 809 F.2d at 1110 ("[T]he presumption against pretrial release arises when drug crimes [under the Controlled Substances Act] are charged in the indictment."). And the testimony of Agent Aranda supports the finding

---

[1] Because a Section 3142(f)(1) circumstance is present, the Court need not determine whether one of the circumstances enumerated in Section 3142(f)(2) also is present.

of probable cause. *See Fortna*, 769 F.2d at 252 (finding probable cause while relying in part on the affidavit of an investigating agent). Therefore, under 18 U.S.C. § 3142(e)(3)(A), the presumption applies, and Celestino was required to produce rebutting evidence.

To rebut the presumption, however, Celestino bears "only the burden of producing rebutting evidence, not the burden of persuasion." *Hare*, 873 F.2d at 798. Celestino has produced evidence sufficient to rebut both the presumption that no combination of conditions will reasonably assure his appearance and that no combination of conditions will reasonably assure the public safety.

### a. Flight risk

The evidence submitted shows that Celestino is a lawful permanent resident of the United States who has resided in Laredo, Texas, since he was four years old. Celestino is employed as a truck driver and is the breadwinner for his family. His wife and two of his children, who are U.S. citizens, reside in Laredo. Celestino's mother and one of his siblings also reside in Laredo. Additionally, Celestino maintains contact with his son from a prior marriage who is a U.S. citizen and resides in Texas. At the detention hearing, Celestino's sister testified that family is important to Celestino and that he would not abandon his wife and two daughters in Laredo.

This evidence is sufficient to satisfy Celestino's burden of production to rebut the presumption that he presents a flight risk. Though the presumption that no combination of conditions can reasonably assure Celestino's appearance at trial has been rebutted, it remains a factor to be considered in the Court's analysis. *See Fortna*, 769 F.2d at 251.

### b. Danger to the public

The presumption that Celestino is a danger to the public has been similarly rebutted. As the Government recognized at the hearing, Celestino does not have a significant criminal history. His only criminal conviction was sixteen years ago and was not for an act of violence or a drug-trafficking offense. Celestino also presented evidence that he has never been arrested for a violent crime or accused of committing an act of violence. This evidence is sufficient to meet Celestino's burden of production to rebut the presumption that Celestino is a danger to the public. The presumption, however, remains a factor to be considered in the Court's analysis of the danger Celestino presents to the safety of the public. *See id.*

### ii. Application of the Section 3142(g) factors confirms that Celestino must be detained pending trial.

Having determined that the presumption applies and that Celestino produced evidence sufficient to rebut the presumption as to both his appearance at trial and to the public safety, the Court must now consider the Section 3142(g) factors to answer the ultimate question of whether the Government met its burden of proof. Having reviewed the Section 3142(g) factors, the Court finds that the Government has failed to prove by clear and convincing evidence that no combination of release conditions could reasonably assure the safety of the public pending trial. But for the reasons stated below, the Court also concludes that the Government has proved by a preponderance of the evidence that no combination of release conditions could reasonably assure Celestino's appearance at trial. Thus, Celestino must remain detained pending trial.

### a. Nature and circumstances of the charged offense

Celestino is charged with a serious offense: conspiracy to possess with the intent to distribute and distribution of methamphetamine, cocaine, heroin, and marijuana. If convicted, Celestino faces a minimum of ten years and a maximum of life in prison. *See* 21 U.S.C. §§ 841(b)(1)(A), 846. The severity of Celestino's potential sentence weighs in favor of detention. *See United States v. Zhang Xiao Dong*, No. 3:17-CR-546-L, 2017 WL 5629513, at *3 (N.D. Tex. Nov. 22, 2017) (concluding that possible prison sentence of forty-six to fifty-seven months presented motive to flee).

As for the circumstances of the charged offense, the Government presented no evidence that Celestino has committed or threatened to commit an act of violence. And unlike one of his co-conspirators, Celestino was not observed in possession of a firearm in conjunction with his alleged drug-transportation activities. But Agent Aranda testified that Celestino has been identified as transporting approximately 1,000 to 1,500 kilograms of cocaine and 30,000 pounds of marijuana between Laredo and Houston for further distribution. That Celestino would be responsible for transporting such a large quantity of product indicates that he plays an important role in the drug organization, an organization that is an offshoot of the Los Zetas cartel.

Although the presumption that Celestino is a flight risk and a danger to the community has been rebutted, "the [C]ourt may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." *Hare*, 873 F.2d at 798–99. Thus, the nature and circumstances of the charged offense

9

indicate that releasing Celestino on bail would constitute a risk to the community and significantly decrease the likelihood that he will appear at trial. This factor, therefore, weighs in favor of detention.

### b. Weight of the evidence

The Court must also consider the weight of the evidence against Celestino, although this factor is considered "to be of least importance in the detention determination." *United States v. Stanford*, 630 F.Supp.2d 751, 755 (S.D. Tex. 2009) (citing *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986); *United States v. Barnett*, 986 F.Supp. 385, 393 (W.D. La. 1997)).

The Government produced significant evidence against Celestino. Agent Aranda testified that a reliable and credible confidential source informed the DEA that Celestino was transporting large amounts of drugs and drug proceeds. A ping warrant issued that allowed agents to monitor Celestino's movements, which Agent Aranda testified were consistent with information received from the confidential informant. During one of Celestino's trips between Laredo and Houston, law enforcement conducted a traffic stop and searched Celestino's truck. The search revealed a large amount of U.S. currency ($39,000–$40,000), wrapped in a manner consistent with drug trafficking, in the trailer of the vehicle.

At the time of the traffic stop, one of Celestino's co-conspirators was a passenger in the truck and in possession of a firearm. Additionally, the truck bore the logo of RC Logistics, a business associated with Celestino and his U.S. Department of Transportation number. (Dkt. #707). According to Agent Aranda's uncontroverted testimony, agents determined that Celestino formed RC Logistics for the purpose of

transporting bulk narcotics and drug proceeds between Laredo and Houston. Given the weight of the evidence against Celestino, this factor also weighs in favor of detention.

### c.  History and characteristics of the defendant

Celestino's history and characteristics also weigh in favor of detention, but only as to flight risk. Relevant history and characteristics include "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A).

Celestino is reported to be in reasonably good physical and mental condition; has family, including a spouse, two children, a sibling, and a parent in Laredo; has resided in Laredo since he was four years old; and is gainfully employed as a truck driver with ASG Logistics.

In addition to his familial ties to Laredo, Celestino's history and characteristics do not suggest violent conduct. It is true that Celestino was convicted of felony theft when he was eighteen years old and sentenced to five years of probation. But he successfully completed probation, and (except for the charge he currently faces) has no criminal records during the past ten years. The record does not show that Celestino has ever been arrested for, or implicated in, violent conduct. And Celestino's sister testified that he has never been accused of committing an act of violence. Celestino's history and characteristics indicate that there is a combination of release conditions could reasonably assure the safety of the public pending trial.

At the same time, Celestino's history and characteristics also support the conclusion that no conditions of release could reasonably assure his appearance at trial. While a defendant's risk of flight is often decreased by familial ties, the risk is heightened in this case because of Celestino's significant familial ties to Mexico. Celestino reported not having any family in Mexico, but this is untrue. Uncontroverted testimony at the detention hearing demonstrates the opposite. Specifically, Celestino's sister testified that Celestino has several family members in Mexico, including his father, aunts, uncles, and his wife's family. She also testified that Celestino often crosses the border into Mexico, which she says is fast and easy to do from Laredo, to visit family and run errands. These circumstances heighten the risk that Celestino would flee if released and would not have to abandon his wife and children to do so.

There are also doubts about Celestino's employment. Celestino informed pretrial services that his employment as a truck driver with ASG Logistics may resume if he is released. But Agent Aranda testified that, when attempting to determine the legitimacy of the business, he could not find an operating website for an ASG Logistics in Laredo. When Agent Aranda called the phone number for ASG Logistics that Celestino provided to probation, the individual who answered the phone did not want to identify himself because, in Agent Aranda's view, he was speaking with a DEA agent. This individual also was caught off guard when Agent Aranda asked him what products the company specializes in transporting. Based on

this evidence, it is questionable whether Celestino has a steady source of legal income, which heightens the risk he would flee if released.

Inconsistencies between the information Celestino reported to pretrial services and the evidence presented at the detention hearing likewise give the Court pause. In addition to misrepresenting his family connections in Mexico, Celestino reported, for example, that he does not engage in illicit drug use. But according to Agent Aranda's credible testimony, which is based on information provided from multiple sources, Celestino frequently uses cocaine during his trips to Houston. Additionally, although Celestino reported employment history going back five years, he did not mention RC Logistics—the business he was operating when agents stopped his truck and discovered he was transporting a large amount of U.S. currency as alleged drug proceeds.

Recent behavior by Celestino raises further concerns about his character. Prior to his arrest, Celestino had a domestic dispute with his wife that resulted in the issuance of a protective order against her. Celestino has been living with his mother since the dispute. But Agent Aranda testified that Celestino repeatedly violated the protective order by spending time with his wife. These violations, which Celestino's mother did not prevent, make the Court question whether either Celestino's wife or his mother would be an appropriate third-party custodian. Celestino's wife did not testify at the hearing because she is currently facing a family-violence charge in state court related to the domestic dispute with Celestino. Celestino's mother also did not

take the stand. Accordingly, the Court is concerned that neither Celestino's wife nor his mother could ensure that Celestino appears as required.

More importantly, Celestino would be expected to abide by a number of conditions were he to be released. His previous disregard for the protective order raises doubts as to whether he would respect any conditions the Court would place on his release—conditions intended to both preserve the safety of the public and mitigate flight risk. Celestino's willingness to repeatedly flout a court-imposed protective order, together with the evidence of Celestino's significant familial ties to Mexico, suggest that no combination of release conditions could reasonably assure Celestino's appearance at trial.

In sum, while Celestino's history and characteristics do not support the conclusion that he would pose a danger to the community if released, they counsel in favor of finding that he is a flight risk.

### d.  Nature and seriousness of the danger posed by the defendant

As to the fourth factor, the nature and seriousness of the danger posed by the defendant, Celestino's alleged role in transporting large amounts of narcotics and currency for an international drug organization weighs against him. These allegations, to be sure, are serious. Aside from the danger such drug activity poses in and of itself, however, the Government presented little (if any) other evidence that Celestino poses a danger to the community.

Unlike other defendants charged with the same or similar crimes, the record does not indicate that Celestino ever carried a firearm in connection with drug-distribution activity. Nor did the Government present evidence that Celestino has

14

expanded the impact of the organization by recruiting additional members to participate in its criminal enterprise. Thus, although there is no question Celestino's alleged actions have presented danger to the public, this factor weighs only slightly in favor of detention.

\* \* \*

After reviewing the Section 3142(g) factors, the Court concludes that the Government has failed to prove by clear and convincing evidence that no combination of release conditions could reasonably assure the safety of any other person and the community. But the Court does conclude that the Government has shown by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Celestino at trial. So the magistrate judge's release order must be revoked.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that the release order issued by the United States Magistrate Judge in the Southern District of Texas is **REVOKED** and **SET ASIDE**. Defendant Roque Ruben Celestino shall remain in custody pending trial.

**So ORDERED and SIGNED this 10th day of May, 2022.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE